IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 12-03808 (ESL)

ERNESTO A. MELENDEZ PEREZ                        CHAPTER 11

    Debtor

OPINION AND ORDER

This case came before the court on November 18, 2014 for an evidentiary hearing to consider the confirmation of Debtor's chapter 11 plan of reorganization dated February 27, 2014 (dkt. # 189) (the "plan"). Prior to the hearing, the Debtor filed his "Statement under 11 U.S.C. § 1129" ("1129 statement") as required by PR LBR 3018-2 (See dkt. #234), and a summary of the ballots in each class accepting and rejecting the plan, including the rejection by creditor Margarita Diaz Rivera (dkt. #235). The 1129 statement intends to provide the court and parties in interest with a summary of the requirements for confirmation. The only objection to confirmation and plan rejection were by creditor Margarita Diaz Rivera ("Ms. Rivera") (See dkt. #230 and #232). Ms. Rivera alleges that the chapter 11 plan fails to comply with the absolute priority rule under 11 U.S.C. § 1129(b)(2)(B)(ii), that the plan was not proposed in good faith as required by § 1129(a)(3), that the plan is not feasible, that the plan does not provide to unsecured creditors all of his disposable income as required by § 1129(a)(15), that the plan does not provide for the payment of all non-dischargeable obligations, that the plan fails to comply with § 1129(a)(8) because not all classes have accepted the plan, and that the plan fails to comply with §§ 1129(a)(1) and (a)(2).

Confirmation Hearing

The court held a confirmation hearing as required by § 1128(a). The evidence presented at the hearing was the testimony of the Debtor and Debtor's accountant, Mr. Ricardo Justiniano Lanza; and exhibits consisting of the Chapter 11 plan of Reorganization dated February 27,

-1-

2014, the supplement to the disclosure statement (see dkt. #194), a liquidation analysis, and several monthly reports of operation presented by creditor Ms. Diaz.

At the hearing, counsel for First Bank stated that said creditor had no objection to confirmation. First Bank is separately classified as a secured creditor in Class VII. Thus, it appears that classes VII, VIII and IX have accepted the plan. Class X creditor Ms. Diaz has rejected the plan.

Mr. Ricardo Justiniano Lanza, CPA, testified that he has reconciled Debtor's bank accounts, has drafted the monthly reports of operation, helped prepare the disclosure statement, and prepared the cash flow and liquidation analysis. The projections submitted in the disclosure statement, including income and plan payments are substantially the same as the monthly reports of operation. Although the projections and monthly reports of operation show a negative result, the same will be covered by Debtor's social security income. The liquidation value of Debtor's estate is zero. Mr. Justiniano's testimony regarding income projections and ability to make payments was not clear. However, his expert opinion is that the Debtor, considering his additional social security income, will be able to make the payments. On the other hand, no clear contradictory evidence regarding Debtor's ability to make the payments was presented by the only objecting creditor. The objecting creditor argues that the projections, in light of the information in the monthly reports of operation, show inconsistencies. After considering the disclosure statement, the income projections and the testimony of Mr. Justiniano, the court finds that the preponderance of the evidence tilts the scales in favor of Debtor, and, consequently, the court concludes that the Debtor has prevailed in establishing feasibility.

Ms. Diaz argued that the plan was filed in bad faith because the Debtor "has not tightened his belt, continues to spend lavishly, has moved to a high end complex which pays utilities in the amount of $1,000 per month." Counsel for Ms. Diaz argues that the monthly reports of operation support the statements of lavish spending.

Chapter 11 Confirmation

The requirements for confirmation of a chapter 11 plan are established in Section 1129 of the Bankruptcy Code, 11 U.S.C. § 1129. There are two means for confirming a chapter 11 plan. First, if the plan is consensual, that is, when the plan has been accepted by all impaired classes, the provisions are in § 1129(a). Second, if not all of the impaired classes accept the plan, then the applicable provisions are those in § 1129(b), commonly known as the "cram down" provisions for confirmation. The cram down provisions in § 1129(b) include all the requirements of § 1129(a), except for § 1129(a) (8). Since there is an impaired class that has not accepted the plan (Class X – Margarita Diaz Rivera), the plan must meet the requirements in § 1129(b).

The court will first address the objections by Ms. Diaz under § 1129(a), and will then discuss the particular requirements in § 1129(b).

Objections under 1129(a):

The plan allegedly fails to comply with § 1129(a)(1,2) because the same does not abide by the applicable provisions of the Bankruptcy Code as the same does not include payment of all non-dischargeable debts of Ms. Diaz. There is no indication of what section of the Bankruptcy Code requires that non-dischargeable debts be paid in full.

The first requirement for confirmation of a chapter 11 plan is that the same complies with applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). There is no requirement that non-dischargeable claims be paid in full. The end result is that if the same are not paid, they survive bankruptcy. The court notes that the exceptions to discharge in § 523 provide separate subsections for domestic support obligations [§ 523(a)(5)] and debts incurred by a debtor in the course of divorce or separation proceedings [523(a)(15)]. The legal requirement for confirmation is that the post-petition domestic support obligations of an individual debtor be current and that prepetition arrears be paid under the plan as the same have a first priority under § 507(a)(1). 11 U.S.C. § 1129(a)(14). The plan includes the claim filed by Ms. Diaz (POC # 13-2) as Class X, and will be paid in full during a term of 180 days. There is

-3-

no basis to sustain that the plan fails to meet the requirements in § 1122 or § 1123. Therefore, the court finds that the plan complies with the requirements of 11 U.S.C. § 1129(a)(1).

In addition to the requirements that the plan complies with the applicable provisions of the Bankruptcy Code, the proponent of the plan must also comply with the Bankruptcy Code provisions. 11 U.S.C. § 1129(a)(2). Generally, this provisions ensures compliance with the disclosure requirements of § 1125 and § 1126 for voting. There is no evidence that the same have been violated. Therefore, the court finds that the plan proponent has met the requirements in § 1129(a)(2).

Ms. Diaz alleges that the plan fails to meet the requirement in § 1129(a)(3), which provides that a chapter 11 plan must be proposed in good faith. The allegation is based on the following grounds: that the Debtor spends lavishly, that the plan proposes to pay Ms. Diaz' claim over a period of 180 months, and that the non-dischargeable claims are not being paid in full. The essence of the good faith requirement for confirmation purposes is that the plan seeks to achieve a result consistent with the purposes of chapter 11. In re South Beach Sec., 606 F.3d 366 (7th Cir. 2010). The intent of chapter 11 is to facilitate reorganization or liquidation of a financially distressed debtor and pay creditors in an orderly fashion. Good faith is a concept and not a construct, derived from equity principles and determined after considering the totality of the circumstances. In re Puffer, 674 F.3d 78, 82 (1st Cir. 2012).

Debtor's economic problems go beyond the amounts owed to Ms. Diaz as a result of the domestic support obligations and the divorce agreement on the division of the conjugal partnership. Debtor's reduced income has caused that several properties be surrendered to the secured creditors holding liens over the same. The alleged lavish spending based on items disclosed in the monthly reports of operation are not placed in true context. The totality of the circumstances surrounding the disclosed expenses was not presented. Therefore, it is difficult to make an informed judgment regarding whether the expenses were excessive or not. The selective use of specific monthly reports of operation does not establish a continuous trend of lavish spending. Also, the allegations of excessive expenses for personal preferences are

inconsistent with the contention that Debtor's income, irrespective of expenses, is insufficient to make the plan feasible. Moreover, Ms. Diaz' claim will be paid in full during a period of 180 months. The allegation that 180 months is unreasonable is a conclusory statement and is not supported by any evidence. Therefore, the court does not find that the plan was proposed in bad faith.

The objecting creditor contends that the plan may not be confirmed as the same fails to comply with § 1129(a)(8), as she has rejected confirmation. Indeed the plan fails to comply with § 1129(a)(8). However, the effect is that the plan must then meet the requirements of § 1129(b).

Ms. Diaz alleges that the plan is not feasible and, thus, does not meet the requirement in § 1129(a)(11). The basis for the objection is that there are no projections and that the Debtor's income is speculative. As stated above, the evidence presented at the evidentiary hearing in support and against the Debtor's ability to comply with the plan may not be strong either way. However, the same does show that it is more probable than not that the Debtor will be able to generate sufficient income from his services as an attorney and notary public, as well from his social security income, to make the payments under the plan. The expert opinion of CPA Justiniano supports such a conclusion. Consequently, there is a reasonable prospect of success. The plan is not impractical or unreasonably optimistic. The Debtor's testimony shows commitment to make it work. Therefore, the court finds that the plan is feasible.

The dissenting creditor alleges that the plan fails to meet the requirements in § 1129(a)(15) because the plan distributions are not equal to the Debtor's disposable income during the next five years. The provisions of § 1129(a)(15) are applicable only to individual debtors and are triggered by an objection of an unsecured creditor that will not be paid in full under the plan. Ms. Diaz is such a creditor. Therefore, the value of property to be distributed under the plan must be no less than the "projected disposable income" of the debtor, as the term is defined in § 1325(b)(2), to be received during the five year period beginning when the payments are made, or during the payments provided by the plan, whichever is longer. There is no evidence before

the court, other than the evidence presented by the Debtor, to question the credibility of Debtor's financial information. The alleged inconsistencies were drawn from the documents filed by the Debtor in the case, namely, the disclosure statement, including income projections, and the monthly reports of operation. The allegations are also inconsistent that the Debtor's income is insufficient to meet the plan payments. Therefore, the court finds that the plan meets the requirements of § 1129(a)(15).

The court now turns its analysis to the requirements of 1129(b).

Objections under 1129(b)

Section 1129(b) provides debtors the means to confirm a case when a class of creditors has refused to accept the plan. The chapter 11 plan may be confirmed over the objection of a dissenting class if three principal requirements are met: (1) the standards in § 1129(a) are satisfied, except for § 1129(a)(8) which provides for acceptance by all impaired classes; (2) the plan does not discriminate unfairly against any impaired class that has not accepted the plan; and (3) the plan is fair and equitable with respect to all impaired classes that have rejected confirmation.

Pursuant to § 1129(b)(1) the class that has rejected the plan must receive treatment under the plan consistent with the one being given to other classes who have comparable rights. The dissenting class must not be unfairly discriminated. There are no allegations or evidence before the court that the chapter 11 plan unfairly discriminated against the dissenting class. Thus, the plan complies with § 1129(b)(1).

The chapter 11 plan must also be "fair and equitable" to the dissenting class. The determination of whether the plan is fair and equitable under § 1129(b)(2) depends on whether the dissenting class or creditor is secured or unsecured. Since the dissenting class and creditor holds an unsecured claim, the applicable section is § 1129(b)(2)(B). There are two alternatives for compliance to § 1129(b)(2)(B): the plan must provide the claim holders of the dissenting class a value, as of the effective date of the plan, equal to the allowed amount of the claim, that is, the present value, § 1129(b)(2)(B)(i); or no junior claim or interest receives or retains any

property on account of its claim or interest, § 1129(b)(2)(B)(ii). The plan provides for full payment of Class X creditor Ms. Diaz, but does not provide for the payment of its present value. Thus, the court centers its consideration on the second alternative, commonly referred to as the absolute priority rule.

In order to satisfy the fair and equitable standard and the absolute priority rule, the plan must not provide for the distribution or retention of property by anyone whose claim or interest is junior to the dissenting class. There are no allegations regarding the distribution of property to a junior class. Thus, the allegations center on the retention of property by the Debtor. The Debtor is an individual. As such, § 1129(b)(2)(B)(ii), as amended, allows the individual debtor to retain estate property notwithstanding the absolute priority rule, provided the individual has paid all post-petition domestic support obligations, as required by § 1129(a)(14). The provisions of the absolute priority rule involves an exception for individual debtors, who are allowed to retain property of the estate included under § 1115, provided the requirements of § 1129(a)(14) are met. There is presently controversy over the extent of this exception, centering on the interpretation of the provision of "includes" in § 1129(b)(2)(B)(ii). There is disagreement over the inclusion of prepetition property under the exception. Some courts have followed a narrow interpretation of the statute and others have followed a broad interpretation. See In re Stephens, 704 F.3d 1279 (10th Cir. 2013); In re Maharaj, 681 F.3d 558 (4th Cir. 2012); In re Arnold, 471 B.R. 578 (Bankr. C.D. Cal. 2012); In re Lee Min Ho Chen, 482 B.R. 473 (Bankr. D. P.R. 2012) (Tester, BJ); following the narrow interpretation that the absolute priority rules applies to individual debtors and to pre-petition property. See also In re Friedman, 466 B.R. 471 (B.A.P. 9th Cir. 2012); In re Tucker, 479 B.R. 873 (Bankr. D. Ore. 2012; SPCP Grp. LLC v. Biggins, 465 B.R. 316 (M.D. Fla. 2011); In re Shat, 424 B.R. 854 (Bankr. D. Nev. 2010) following the broad interpretation and finding that the absolute priority rule no longer applies to individual debtors. The court declines to address the intellectually stimulating controversy of whether or not the absolute priority rule currently applies to individual debtors. There is no evidence before the court to establish that the debtor is retaining any prepetition property. Allegations by

counsel do not suffice. Therefore, the court finds that the objection alleging that the plan does not meet the requirements of § 1129(b)(2)(B)(ii) has not been proven.

CONCLUSION

After considering the disclosure statement approved by the court, the chapter 11 plan dated February 27, 2014, the 1129 statement in support of confirmation, the ballots showing the acceptances and rejections to the plan, the testimony of the Debtor and CPA Justiniano, the documentary evidence, and the arguments by counsel, the court concludes that the chapter 11 plan before the court meets the requirements of § 1129(b). Therefore, the chapter 11 plan is hereby confirmed.

SO ORDERED.

In San Juan, Puerto Rico, this 1st day of May, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge