IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                               CASE NO. 12-03808 (ESL)

ERNESTO A. MELENDEZ PEREZ                            CHAPTER 11

        Debtor

### OPINION AND ORDER

The pending issue in this case is its closure, that is, its finality. A chapter 11 case is not officially over until the bankruptcy court closes it by entering a final decree. Fed. R. Bankr. P. 3022 states that "[a]fter an estate is fully administered in a chapter 11 case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022 implements section 350 of the Bankruptcy Code, 11 U.S.C. §350, which requires the court to close a case after it is fully administered.

The Debtor, Ernesto A. Meléndez Pérez, ("Debtor") moved for the entry of a final decree on February 7, 2020 (dkt. #371) and supplemented the same on February 25, 2020 (dkt. #380). The Debtor's allegations are: On May 1, 2015, the court confirmed Debtor's Chapter 11 Plan of Reorganization. On February 7, 2020 the Debtor filed a final report and request for final decree. The Debtor supplemented the request for entry of final decree to include payments to Margarita Díaz Rivera. The Debtor has commenced payments under the Plan of Reorganization. There are no adversary proceedings pending resolution in this case and all contested matters have been adjudicated. Debtor's Plan of Reorganization has been substantially consummated pursuant to 11 U.S.C. §1101(2) of the Bankruptcy Code and the plan provisions. The Debtor commenced payments of administrative expenses. The Debtor is current on the quarterly fees to the United States Trustee. The Debtor has commenced distribution under the confirmed plan, as shown by an attached exhibit ("B"); and remaining distributions will continue to be made as shown in an attached exhibit ("C").

Creditor and domestic support obligation beneficiary, Ms. Margarita Díaz Rivera ("MDR") has opposed the entry of a final decree and has prayed for the dismissal of the case alleging that the Debtor has failed "to make all payments due to MDR under his confirmed plan of

reorganization, which total at least $12,000.00." And, also, that "Debtor's refusal to make the payments due to MDR under his confirmed plan evidence his lack of good faith when filing the subject plan of reorganization." In the motion to dismiss MDR alleges that the "Debtor has failed to make a single plan payment to MDR." "As such, MDR respectfully submits the dismissal is warranted given Debtor's substantial default in his plan payments."

The contested matters between the Debtor and MDR have been rescheduled to June 12, 2020, first at the request of MDR and subsequently by the court because of the lockout ordered by the Governor of Puerto Rico due to the Covid-19 pandemic. However, a review of the pending matters, in light of the history of the litigation between MDR and the Debtor, prompt the court to dispose of the same without the need of an actual hearing. The court will first state the legal framework for the entry of a final decree. Second, the court will narrate the history of the litigation between MDR and the Debtor; and third, the court will discuss the interaction between the first two to reach a conclusion.

### Factors for the Entry of a Final Decree

This court discussed the factors for the entry of a final decree in In re Swiss Chalet, Inc., 485 B.R. 47 (Bankr. D.P.R. 2012) and will use the same as the legal basis for its conclusion in this case. The court in In re Swiss Chalet, Inc. held that:

> Section 350(a) of the Bankruptcy Code directs the court to close a case "[a]fter an estate is fully administered, and the Court has discharged the trustee." Likewise, Fed. R. Bankr. P. 3022 instructs the court to issue a final decree closing a case on its own motion or on motion of a party in interest once the case has been fully administered[4]. The phrase "fully administered" is not defined in the Bankruptcy Code or Rules. Nevertheless, the 1991 Advisory Committee Notes to Fed. R. Bankr. P. 3022 provide various factors to consider if an estate has been "fully administered":

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) **whether all motions, contested matters, and adversary proceedings have been finally resolved.** *Id.* (emphasis added).

-2-

Also see Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 350.02 (16th ed. 2012) (citing the factors listed in the 1991 Advisory Committee Notes). These factors are not exhaustive, nor must a party demonstrate all of them for the court to consider that a case to be fully administered. *See* In re Union Home & Industrial, Inc.*,* 375 B.R. 912, 917 (10th Cir. BAP 2007).

In Shotkoski v. Fokkena (In re Shotkoski)*,* 420 B.R. 479, 483 (8th Cir. BAP 2009), the Bankruptcy Appellate Panel for the Eighth Circuit reasoned that:

we believe that the decision as to whether an estate is "fully administered" is one that falls within the discretion of the bankruptcy judge. To be clear, by affirming the bankruptcy court in this case, we are not holding that every individual Chapter 11 case must remain open until such time as all long-term plan payments have been completed and a discharge is entered. In fact, since the Bankruptcy Code expressly contemplates the reopening of cases and the exercise of continuing jurisdiction by the bankruptcy court (see 11 U.S.C. § 350(b)), we do not disagree with those courts choosing, for purposes of convenience and efficiency, to close individual Chapter 11 cases prior to completion of payments and entry of discharge. **Again, we believe it is a case-by-case analysis best left to the discretion of the bankruptcy judge.** *Id.* at 483 (emphasis added).

Also see In re Mendez, 464 B.R. 63, 65 (Bankr.D.Mass.2011), quoting and adopting that reasoning from In re Shotkoski*,* 420 B.R. at 483; In re Provident Financial, Inc.*,* 2010 WL 6259973 at *9, 2010 Bankr. LEXIS 5047 at *26 (9th Cir. BAP 2010) ("bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in [Fed. R. Bankr. P.] 3022, along with any other relevant factors.") After all, "many of the factors relevant to determining if a case has been 'fully administered' may be known only to the bankruptcy court, based on its experience and oversight of the case." In re Union Home & Industrial, Inc.*,* 375 B.R. at 917.

"[A]n estate cannot be fully administered while there are outstanding motions, contested matters, or adversary proceedings pending before the court." In re Kliegl Brothers Universal Electrical Stage Lighting Company, Inc.*,* 238 B.R. 531, 546 (Bankr.E.D.N.Y.1999).

### History of MDR and Debtor Litigation in this Case

The Debtor filed a chapter 11 petition on May 16, 2012. On August 23, 2012 MDR filed a motion to dismiss alleging arrears in the domestic support obligations ("DSO") (dkt. #33). The Debtor filed his opposition on September 17, 2012 (dkt. #55). On March 12, 2013 the court entered

an opinion and order (dkt. #97) analyzing the parties' contentions and denied in part the motion to dismiss. The court denied the motion to dismiss for lack of DSO payments and mortgage payments. However, the court left pending a determination of whether life insurance payments were a DSO. An evidentiary hearing was scheduled and finally held on January 24, 2014. An opinion and order was entered on July 17, 2014 (dkt. #218), wherein the court determined that the obligation to maintain a life insurance policy in which MDR is the beneficiary does not constitute a domestic support obligation under 11 U.S.C. §1112(b)(4)(P).

On August 8, 2014 the court approved the disclosure statement filed by the Debtor and scheduled the confirmation hearing for September 16, 2014 (dkt. #224). On August 28, 2014, MDR filed an objection to confirmation alleging that the plan fails to meet the absolute priority rule, bad faith and lack of feasibility (dkt. #230). The Debtor replied addressing all the allegations made by MDR (dkt. #250). The confirmation hearing was continued to November 18, 2014 (dkt. #240) and was held on that date (dkt. #253). On May 1, 2015 the court entered an opinion and order confirming the Chapter 11 plan (dkt. #266).

On May 15, 2015 MDR filed a motion for reconsideration or to vacate confirmation order (dkt. #270). The Debtor opposed the same (dkt. #280). On July 7, 2015 the court denied MDR's motion for reconsideration (dkt. #281). MDR filed a notice of appeal to the Bankruptcy Appellate Panel of the First Circuit on July 21, 2015 (dkt. #283). The appeal was dismissed on August 3, 2015 (dkt. #300).

On February 14, 2019, the court, *sua sponte*, as authorized by Bankruptcy Rule 3022, entered the following order:

> The instant chapter11 petition was filed on May 16, 2012. An order confirming the chapter 11 plan dated February 27, 2014 was entered on May 1, 2015. The request by Ms. Margarita Diaz Rivera to reconsider or alter the order of confirmation was denied on July 7, 2015. The same was appealed and on August 13, 2015 the Bankruptcy Appellate Panel dismissed the appeal. The debtor has filed monthly reports of operation. The court is aware that a discharge of an individual chapter 11 debtor cannot be entered until after all payments under the confirmed chapter 11 plan are completed. While the case is open the debtor must continue to make quarterly payments to the U.S. Trustee. However, the case may be closed upon entry of a final decree, subject to reopening after payment of reopening fee for the entry of a discharge order. The debtor shall file a report within 30 days informing whether he intends to move for the entry of a final decree.

On March 15, 2019, the Debtor answered this court's order stating that it planned to move for the entry of a final decree in December 2019 (dkt. #341).

On January 9, 2020, the court entered the following order (dkt. #367):

> On February 14, 2019 the court entered an order directing the debtor to inform whether he would move for the entry of a final decree (docket # 341). The debtor responded indicating that he would move for a final decree by the end of December 2019 (docket#343). On September 5, 2019 the Internal Revenue Service moved for the dismissal of the case (docket # 352). On December 3, 2019 the debtor and the Internal Revenue Service filed a stipulation (docket # 362), which was approved by the court on January 2, 2020 (docket # 365). In view of the foregoing, the debtor and parties in interest shall move the court within 30 days stating whether there are any objections that a final decree be entered pursuant to Fed. R. Bankr. P. 3022 and that the case be closed pursuant to 11 U.S.C. § 350(a). Upon failure to file a timely opposition, a final decree will be entered, and the case will be closed.

On January 13, 2020 the Internal Revenue Service informed that it had no objection to the entry of a final decree (dkt. #369). The Debtor moved for the entry of the final decree on February 7, 2020 (dkt. #371). On February 10, 2020 MDR opposed the entry of a final decree alleging arrears and bad faith (dkt. #372). On the same date, February 10, 2020, MDR again moved for the dismissal of the case alleging default on the confirmed plan payments (dkt. #373). The Debtor opposed both motions (dkt. #379). A hearing was scheduled for March 11, 2020 (dkt. #374).

On March 10, 2020, the court entered the following order (dkt. #382):

> The Motion requesting continuance filed by Margarita Diaz Rivera of hearing scheduled for March 11, 2020 (Docket #381) is hereby granted. The parties shall inform the court within fourteen (14) days on the status of their negotiations. The only pending matter in this case is the objection to the entry of a Final Decree by Margarita Diaz Rivera. If the parties do not settle their specific matter, the court orders Margarita Diaz Rivera to file a reply to the opposition filed by Debtor (Docket #379) within fourteen (14) days thereafter. The hearing, if contested, is rescheduled for April 17, 2020 at 10:00 AM at the U.S. Bankruptcy Court, José V. Toledo Post Office & Courthouse Bldg., Courtroom 2, Floor 2, 300 Recinto Sur, Old San Juan, Puerto Rico.

As of this date, MDR has not moved the court.

On October 24, 2012 the Debtor filed a complaint against MDR requesting damages as a result of actions in violation of the automatic stay provisions, AP 12-0386. On July 29, 2014 the

court entered an opinion and order granting partial summary judgment in favor of the Debtor/Plaintiff and against MDR/Defendant finding liability for having violated the automatic stay (dkt. #51). MDR requested reconsideration and the Debtor filed an opposition. On October 27, 2014, the court entered an opinion and order denying the motion for reconsideration (dkt. #58).

On April 28, 2015 the court entered an opinion and order, and the corresponding judgment, awarding damages to Debtor and against MDR (dkt. #65 and dkt. #66). MDR moved for reconsideration and the Debtor filed an opposition. On June 4, 2015 the court denied the motion for reconsideration (dkt. #74). MDR filed a notice of appeal to the Bankruptcy Appellate Panel for the First Circuit on June 18, 2015. The appeal was dismissed on August 13, 2015 (dkt. #103). The court will revisit statements made in the April 28, 2015 order, that is five years ago.

> The controversy now before the court had its origins over ten years ago. The Debtor and Ms. Diaz were married in May 1972 and divorced in May 2003. Changed economic conditions and noncompliance with the agreement made regarding the liquidation of the conjugal partnership unleashed a rencontre over individual visions and perspectives of what should ultimately be the end result. The dispute before the court is a vivid example of the collision between bankruptcy law and family law. The background to the dispute of Debtor's failure to pay the domestic support obligations can be found in the Opinion and Orders entered in the lead bankruptcy case on March 12, 2013 (dkt. # 97) (2013 WL 959842) and July 17, 2014 (dkt. # 218) (2014 WL 3547056). The travel and issues concerning Debtor's request for damages as a result of Defendant's violation of the automatic stay are detailed in the Opinion and Orders entered on April 4, 2013 (dkt. # 21) (2013 WL 1405747), July 29, 2014 (dkt. # 51) (2014 WL 3749531), and October 27, 2014 (dkt. # 58) (2014 WL 5463892). The court makes reference to and incorporates the same to this opinion and order.

The court concluded that "[a]fter considering the evidence presented at the hearing held on November 18, 2014, the court awards the following damages: $10,000 for emotional damages, $1,664 for medical fees, and $3,977.60 for attorneys' fees. The total damages awarded in favor of Plaintiff and against the Defendant is $15,641.60."

**Discussion**

The record in this case shows that the order confirming the plan is final; properties have been transferred or surrendered; the Debtor continues to be engaged in his profession, as the monthly reports of operation reveal; payments under the plan have commenced; and all motions,

contested matters, and adversary proceedings have been finally resolved. The only exception to the last factor being the present controversy.

MDR has failed to comply with this court's order of March 10, 2020 (dkt. #382) by not timely replying to Debtor's motion in opposition to MDR's motion to dismiss (dkt. #379). In fact, the Debtor has recently reaffirmed his opposition in the motion objecting to MDR's opposition to the entry of a final decree filed on April 13, 2020 (dkt. 386). Therefore, MDR's motion to dismiss is denied.

### Conclusion

In view of the foregoing, the court concludes that the Debtor satisfies, at this juncture, all relevant factors needed for the court to exercise its discretion and order the entry of a final decree, bringing bankruptcy closure to this case. The court is conscious, as stated in a prior order, that the case may be subject to be reopened for the entry of a discharge order upon completion of all plan payments. The court notes that under 11 U.S.C. §§523(a)(5) and 523(a)(15), domestic support obligations and debts incurred as a result of a divorce decree may not be dischargeable. Individual closure is beyond this court's jurisdiction.

Therefore, a final decree will be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of April 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-7-